IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $113,711.00 IN U.S. CURRENCY SEIZED | ) | |
| ON JUNE 8, 2016, PURSUANT TO | ) | |
| THE EXECUTION OF A FEDERAL | ) | |
| SEARCH WARRANT, | ) | |
| | ) | |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Carole S. Rendon, United

States Attorney for the Northern District of Ohio, and James L. Morford, Assistant U.S.

Attorney, and files this Complaint in Forfeiture, respectfully alleging on information and belief

the following:

## JURISDICTION AND INTRODUCTION

1.      This Court has subject matter jurisdiction over an action commenced by the

United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C.

Section 1355(a).  This Court also has jurisdiction over this particular action under 21 U.S.C.

Section 881(a)(6).

2.      This Court has *in rem* jurisdiction over the defendant currency pursuant to: (i) 28

U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district;

and, (ii) 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district.

3.     Venue is proper in this district pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. Section 1395 because the action accrued in this district.

4.     This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which the United States Marshals Service (USMS) will execute upon the defendant currency. *See*, Supplemental Rule G(3)(b) and G(3)(c).

5.     On June 8, 2016, FBI Youngstown and DEA Youngstown, in conjunction with the Mahoning Valley Law Enforcement Task Force, Youngstown Police Department, Ohio State Highway Patrol, Mahoning County Sheriff's Office, USMS, and Portage County Drug Task Force, executed 11 federal search warrants in the Youngstown, Ohio, metropolitan area. The seizure of the defendant $113,711.00 in U.S. Currency (hereinafter, the defendant currency) was made pursuant to the search warrant executed at the East 218th Street, Euclid, Ohio, residence of James Jackson.

6.     The defendant currency is now in the custody of the federal government in a Seized Asset Deposit Fund Account.

7.     The Drug Enforcement Administration (DEA) commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was made in the administrative forfeiture proceeding by James Jackson, thereby requiring the filing of this judicial forfeiture action.

8.     The defendant currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities,

and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

## JAMES JACKSON'S CRIMINAL (DRUG) HISTORY

9. On or about May 16, 1995, James Jackson entered a guilty plea to the following charge in Cuyahoga County Court of Common Pleas Case No. CR-95-320297-ZA: Drug Abuse (felony 4), in violation of O.R.C. § 2925.11. Jackson was sentenced to two (2) years probation.

10. On or about June 21, 2004, James Jackson entered a guilty plea to the following charge in Cuyahoga County Court of Common Pleas Case No. CR-03-445245-B: Possession of Drugs (felony 1), in violation of O.R.C. § 2925.11. Jackson was sentenced to three (3) years at the Lorain Correctional Institution.

11. Also in Cuyahoga County Court of Common Pleas Case No. CR-03-445245-B, $1,140.00 and one (1) cellular phone were forfeited.

12. On or about March 2, 2009, James Jackson entered a guilty plea to the following charge in Cuyahoga County Court of Common Pleas Case No. CR-08-518192-A: Trafficking Offenses (O.R.C. § 2925.03 A(2) - felony 5) with forfeiture specification (O.R.C. § 2941.1417). Jackson was sentenced to one (1) year of community control.

13. Also in Cuyahoga County Court of Common Pleas Case No. CR-08-518192-A, $4,296.00 and a 2008 Chevy, VIN: xxxxxxxxxxxxx5092, were forfeited.

## FORFEITURE

14. In or around April, 2015, FBI Youngstown and DEA Youngstown initiated a drug related investigation of James Jackson, and others, based on intelligence developed jointly with the Mahoning Valley Law Enforcement Task Force (MVLETF) and the Youngstown Police Department.

15.     The investigation established that a Youngstown area cocaine and heroin supplier received narcotics from an individual in Detroit, Michigan.  In turn, this Youngstown area supplier supplied narcotics to James Jackson.

16.     When Jackson was unable to obtain narcotics from the Youngstown area supplier, he (Jackson) sought out secondary sources of supply – to include an individual from Dayton, Ohio, and an individual from Cleveland, Ohio.

17.     Jackson relied on these individuals to provide him with the necessary supply of narcotics to support his drug trafficking activities.

18.     Upon his receipt of supplies of narcotics, Jackson would supply narcotics – for resale – to various individuals in the Youngstown area.  On occasion, Jackson would provide these individuals with specific instructions regarding heroin prices, amounts, and distribution "stash house" points.

19.     From August 2015 through April 2016, drug related communications between members of the above-described Drug Trafficking Organization (DTO) – and, in particular, the drug related communications of James Jackson – were intercepted pursuant to court authorized wiretaps.  The investigation has established that Jackson is a significant cocaine and heroin supplier in the Youngstown area.

20.     Jackson used a residence located on Breaden Street, Youngstown, Ohio, to store narcotics.

21.     Jackson conducted drug business at a store/business located on South Avenue in Youngstown, Ohio.

22.     Jackson would meet with members of the above-described DTO to conduct drug related business.

4

23.     As alleged in paragraph 16, above, Jackson sometimes sought out secondary sources of supply – to include an individual from Dayton, Ohio. In April, 2016, Jackson agreed to purchase a kilogram of heroin from this individual for $65,000.00.

24.     On April 8, 2016, at approximately 7:23 p.m., the Ohio State Highway Patrol, at the direction of the FBI and DEA, conducted a traffic stop of the Dayton individual's vehicle on Interstate 71 in Medina County, Ohio. Located in the storage area of the front seat was approximately one (1) kilogram of heroin. The Dayton individual told the trooper that he was on his way to see his "cousin" in Euclid, Ohio.

25.     As alleged in paragraph 5, above, a federal search warrant was executed at Jackson's East 218th Street, Euclid, Ohio, residence on June 8, 2016.

26.     During the execution of the search warrant, Jackson told a DEA Task Force Officer (TFO) that "Everything in the house belongs to me. My wife and father have nothing to do with what I do."

27.     Among other things, officers seized the following items pursuant to the execution of the search warrant:

a.)     Winchester model 370, 12 gage shotgun, Serial Number: R342049, and miscellaneous shotgun and pistol ammunition;

b.)     Diamond Firearms AR-15, Serial Number: DB154629, containing a loaded magazine with rounds;

c.)     Glock model 22, .40 caliber, Serial Number: KLA697, containing a loaded magazine with rounds;

d.)     100 round drum magazine and two (2) AR-15 rifle magazines;

e.)     several cellphones and a vacuum sealer with two (2) boxes of bags;

f.)     a drug scale, a metal strainer, and three (3) packs of Sleepinal pills (used as a cutting agent for heroin); and,

g.)     the defendant $113,711.00 in U.S. Currency, a large amount of which was found in vacuum sealed packages.

28.     The breakdown of the defendant currency is as follows: 184 ($100 bills), 315 ($50 bills), 3,963 ($20 bills), 27 ($10 bills), 6 ($5 bills), and 1 ($1 bill).

29.     $20 bills frequently are used to conduct illegal drug transactions.

## CONCLUSION

30.     By reason of the foregoing, the defendant $113,711.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

Carole S. Rendon
U.S. Attorney, Northern District of Ohio

By: _____

James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
400 United States Court House
801 West Superior Avenue
Cleveland, Ohio  44113
216.622.3743 / Fax: 216.522.7499
James.Morford@usdoj.gov

6

## VERIFICATION

STATE OF OHIO        )
                             ) SS.
COUNTY OF CUYAHOGA  )

I, James L. Morford, under penalty of perjury, depose and say that I am an Assistant

United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the

within entitled action.  The foregoing Complaint in Forfeiture is based upon information

officially provided to me and, to my knowledge and belief, is true and correct.

James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio

Sworn to and subscribed in my presence this 19th day of October, 2016.

Notary Public

**MELANIE KATE SANDS**
Notary Public, State of Ohio
My Commission Expires May 6, 2020

7